UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HASHIM MATTHEWS,

                    Plaintiff,

    v.                                                            9:18-CV-0855
                                                                                     (TJM/CFH)

BARQ, et al.,

                    Defendants.

---

APPEARANCES:

HASHIM MATTHEWS
03-A-3590
Plaintiff, Pro Se
Attica Correctional Facility
Box 149
Attica, NY 14011

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

In July 2018, plaintiff Hashim Matthews submitted a pro se civil rights complaint for filing, together with an incomplete application to proceed in forma pauperis ("IFP") and an "order to show cause" for a "preliminary injunction and temporary restraining order," which the Court liberally construed as a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("First IFP Application"); Dkt. No. 3 ("First Preliminary Injunction Motion"). On July 24, 2018, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 4 ("July 2018 Order"). Plaintiff was

advised in the July 2018 Order that if he desires to pursue this action he must so notify the Court within thirty (30) days and either (1) pay the $400.00 filing fee in full, or (2) submit a completed and signed IFP application that has been certified by an appropriate official at his facility, along with a signed Inmate Authorization Form. *Id*. at 2.

Thereafter, plaintiff moved twice for an extension of time to comply with the filing fee requirements, and he was granted an extension of time until October 4, 2018 to comply with the July 2018 Order. *See* Dkt. Nos. 5, 6, 7. After plaintiff's deadline to comply with the July 2018 Order lapsed, plaintiff filed a letter motion requesting injunctive relief, along with a second application to proceed IFP. Dkt. No. 8 ("Second Preliminary Injunction Motion"); Dkt. No. 9 ("Second IFP Application"). In light of his submission of the Second IFP Application, the Clerk was directed to reopen this action and restore it to the Court's active docket. Dkt. No. 10.

By Decision and Order filed October 23, 2018, plaintiff's Second IFP Application was denied as incomplete, and plaintiff was afforded a final opportunity to comply with the July 2018 Order. Dkt. No. 11 ("October 2018 Order").[1] Thereafter, plaintiff filed an amended complaint, together with a third IFP application and a third motion for a preliminary injunction. *See* Dkt. No. 13 ("Third Preliminary Injunction Motion"); Dkt. No. 14 ("Am. Compl."); Dkt. No. 15 ("Third IFP Application").

Before the Court had an opportunity to review the adequacy of plaintiff's Third IFP Application, plaintiff filed a fourth application to proceed IFP, together with an inmate authorization form. *See* Dkt. No. 17 ("Fourth IFP Application"); Dkt. No. 18 ("Inmate

---

[1] Plaintiff's requests for injunctive relief (Dkt. Nos. 3, 8) were denied without prejudice based on his failure to comply with the July 2018 Order. *See* October 2018 Order at 3-4.

Authorization Form").

## II. DISCUSSION

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. The filing fees must be paid at the time an action is commenced, unless an IFP application is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). The federal statute governing applications to proceed IFP in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an application for IFP status must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking IFP status in a civil action subject to the PLRA may alternatively satisfy this requirement by submitting a completed, signed, and certified IFP application. N.D.N.Y.L.R. 5.4(b)(1)(A).[2] Local Rule 5.4 further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.4(b)(2)(A).[3]

Upon review, the Court finds that plaintiff has failed to comply with the October 2018

---

[2] A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[3] Upon compliance with the filing fee requirements, the Court must consider plaintiff's request to proceed IFP in light of the three "strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the operative pleading in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

Order. The Fourth IFP Application was completed and signed by plaintiff. Dkt. No. 17. However, the Fourth IFP Application has not been certified by an appropriate official at plaintiff's facility, nor have copies of plaintiff's inmate account statements been provided. As a result, the Fourth IFP Application is incomplete and must be denied.[4]

Although the Court indicated in the October 2018 Order that plaintiff would be afforded only one more opportunity to comply with the filing fee requirement, plaintiff filed with his Fourth IFP Application a letter indicating that he has made efforts – albeit unsuccessful – to obtain a certified copy of his prison account statement from more than one "institutional official" in accordance with the Court's October 2018 Order. *See* Dkt. No. 17-1 at 1. Plaintiff also submitted with his Fourth IFP Application a copy of correspondence he received from the Assistant Deputy Superintendent for Correctional Mental Health in response to a document he submitted on or about January 1, 2019 requesting to have his "account certified," in which he was advised to submit his request to a different office, and referred to an official from the "business office." *Id*. at 2.[5]

In light of plaintiff's pro se status and because it appears he has attempted to comply with the October 2018 Order, the Court will afford him a **final** opportunity to do so. In an effort to assist plaintiff, the Court will direct the Clerk to provide him with two copies of this Decision and Order for his use in requesting either that (1) the certification section of his IFP application be completed, signed, and returned to him by an appropriate official at his facility,

---

[4] The Third IFP Application also does not comply with the certification requirement set forth in the October 2018 Order. It is therefore denied as both unnecessary and incomplete.

[5] It is unclear whether plaintiff attempted to obtain certified copies of his prison account statement from, or have his IFP application certified by, the "business office." However, plaintiff notes in his cover letter that he "made many attempts at trying to ascertain said certification by penitentiary administrators" and only the Assistant Deputy Superintendent for Correctional Mental Health responded to him. Dkt. No. 17-1 at 1.

or (2) he be provided with a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. If plaintiff fails to timely comply with this Decision and Order, this action will be dismissed without prejudice without further Order of the Court.

Because plaintiff has not complied with the Court's filing fee requirement, plaintiff's Third Preliminary Injunction Motion (Dkt. No. 13) is denied without prejudice at this time. In the event plaintiff timely complies with the filing fee requirement set forth herein and in the October 2018 Order, the Court will consider the merits of plaintiff's request for injunctive relief.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Third IFP Application (Dkt. No. 15) is **DENIED as unnecessary and incomplete**; and it is further

**ORDERED** that plaintiff's Fourth IFP Application (Dkt. No. 17) is **DENIED as incomplete**; and it is further

**ORDERED** that plaintiff's Third Preliminary Injunction Motion (Dkt. No. 13) is **DENIED without prejudice** based on plaintiff's failure to comply with the Court's filing fee requirement; and it is further

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, either (1) pay the $400.00 filing fee in full, or (2) submit an IFP application which has been completed and signed by him and which has been certified by an appropriate

official at his facility, together with a completed and signed Inmate Authorization form;[6] and it is further

**ORDERED** that in the event plaintiff fails to timely comply with the filing fee requirement set forth in this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the file shall be returned to the Court for further review, and plaintiff's requests for injunctive relief (Dkt. Nos. 3, 8, 13) shall be re-opened for consideration on the merits; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff along with a blank IFP application and a second copy of this Decision and Order for his use in requesting either that the certification section of his IFP application be completed, signed, and returned to him by an appropriate official at Attica Correctional Facility, or that he be provided with a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, so that he may submit one of these items to this Court.

**IT IS SO ORDERED**.

Dated: January 30, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] As noted, certified account statements may be submitted in lieu of the completed Certificate portion of the IFP application. *See* 28 U.S.C. § 1915(a)(2).