**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HASHIM MATTHEWS,**

             **Plaintiff,**

    **v.**                                          **9:18-CV-855**

**BARQ, et al.,**

             **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION and ORDER

### I.    INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Judge Hummel addressed the summary judgment motion brought by the remaining defendants in this action.  *See* Dkt. No. 68 (January 12, 2021 Report-Recommendation and Order); Dkt. No. 61 (Defendants' Motion for Summary Judgement).  After examining the applicable statute of limitations, whether plaintiff exhausted his administrative remedies on his claims, and whether the claims had substantive merit, Judge Hummel recommended numerous alternative bases upon which plaintiff's claims may be dismissed. *See* Dkt. No. 68.  Ultimately, he recommended that defendants' motion for summary judgment be granted in its entirety, and that plaintiff's Amended Complaint be dismissed, in its entirety, with prejudice.

1

Plaintiff filed objections. Dkt. Nos. 74 & 75.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(internal quotation marks and citation omitted).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); *see Fisher v. Miller*, No. 9:16-CV-1175 (GTS/ATB), 2018 WL 3854000, at *3 (N.D.N.Y. Aug. 14, 2018)("[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.");

2

*Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)(same); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015)(same).

When performing a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1).   "However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." *Monroe v. Kocienski*, No. 9:17-CV-1050 (GTS/DEP), 2019 WL 409412, at *2 (N.D.N.Y. Feb. 1, 2019)(citing*, inter alia*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.")(internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate")). "Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." *Id.* (citing *Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate

judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)); *see also Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015)("[A] district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")(citing cases); *Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.")(quotations and citation omitted)).  "[F]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal," *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31, 2018)(quotations and citation omitted), and would frustrate the congressional objective behind § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts. *Cf. U.S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("[T]o construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); *see e.g.* Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term '*de novo*' does not indicate that a secondary evidentiary hearing is required.")).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Plaintiff starts his objections by stating that he "objects to every part of the magistrate's report and recommendation."  Dkt. No. 74 at 1. This is a non-specific, general objection that the Court reviews for clear error.  After reviewing the report and recommendation, the Court finds no clear error.  This objection is overruled.

Next, plaintiff argues that he did not consent to Magistrate Judge Hummel presiding over this case and therefore, plaintiff contends, Magistrate Judge Hummel did not have authority regarding this matter. Plaintiff is confused as the authority provided to Magistrate Judge Hummel.  This authority is based upon 28 U.S.C. § 636(b)(1)(A), not  § 636(c) or Federal Rule of Civil Procedure 73.  Upon proffering a report and recommendation on a dispositive motion as Magistrate Judge Hummel did here, the standard of review is as stated above.  Plaintiff's objection in this regard is overruled.

Next, plaintiff presents a confusing objection where it appears he is contending that he should have been allowed additional discovery prior to consideration on the summary judgment motion. Plaintiff points to Federal Rule of Civil Procedure 56(f) which addresses Judgment Independent of the Motion and which is clearly inapplicable.[1]  Presuming

---

[1]Rule 56(f) provides:

(f) **Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

plaintiff is referring to Rule 56(e),[2] he does not indicate that he made an application to Magistrate Judge Hummel under Rule 56(e) for additional discovery, or point out where in Magistrate Judge Hummel's thorough review of the summary judgment motion that he ran afoul of Rule 56(e).  To the extent plaintiff is challenging Magistrate Judge Hummel's discovery orders, that is a challenge that should have been brought separately pursuant to Rule 72(a).  Without specifying how it was that Judge Hummel ran afoul of Rule 56(e), plaintiff's challenge to the discovery orders is not a proper basis for objection to the recommendations on the summary judgment motion.   Plaintiff's objection in this regard is overruled.

Plaintiff also contends that he should be allowed to present "evidence offered by pro se [sic] litigant for first [sic] time in objections to proposed findings of U.S. Magistrate Judge [sic], rather than simply rejecting evidence sub silentio, where new evidence was offered in verified form in statements attested to under penalty of perjury."  Dkt. 74 at 2. Plaintiff offers no new evidence with his objections but rather seeks appointment of counsel to assist him in "interviewing inmate witnesses whom are located in varied facilities that can corroborate the claims being made."  Dkt. 74 at 2-3.  The prospect that

---

[2]Rule 56(e) provides:

(e) **Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
(4) issue any other appropriate order.

Fed. R. Civ. P. 56.

unnamed inmate witnesses might provide evidence that could corroborate plaintiff's claims is not new evidence, it is merely speculation that new evidence might exist.  Further, discovery in this case has closed and it was incumbent on plaintiff to present this argument to Magistrate Judge Hummel before he reviewed the motion for summary judgment.  As cited above, plaintiff cannot use his objections to reopen litigation of the summary judgment motion and ask the Court to review the motion anew.   Plaintiff's objection in this regard is overruled.

Finally, plaintiff's complaints about the way he was treated by prison guards does not specifically identify any portion of Magistrate Judge Hummel's decision that was incorrect. Thus, it is a general objection subjected to clear error review which, as indicated above, does not succeed. Accordingly, plaintiff's objection in this regard is overruled.

## IV.    CONCLUSION

 For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation and Order, Dkt. No. 68, for the reasons stated therein. Thus, defendants' Motion for Summary Judgment, Dkt. No. 61, is **GRANTED** and the Amended Complaint is **DISMISSED** in its entirety with prejudice.

The Clerk of the Court is respectfully directed enter judgment in favor of the defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 25, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

7